IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01594-MSK-MEH

JASON GALLEGOS, and
JENNIFER YARBROUGH, for themselves and on behalf of Cyrus Gallegos,

    Plaintiffs,

v.

CITY OF FORT LUPTON,
FORT LUPTON POLICE DEPARTMENT,
SERGEANT KEVIN HALLORAN,
DETECTIVE CRYSTAL SCHWARTZ,
OFFICER PAUL STIPE,
MARK PAYLER, Superintendent of Schools,
JOHN HOAG, Assistant Superintendent of Schools,
NATIVITY MILLER, Butler Elementary School Principal,
STEPHANIE ANDERSON, Butler Elementary Assistant Principal,
MARK GONZALEZ, Expelled Student Services Coordinator,
THE ENTIRE WELD COUNTY RE-8 BOARD OF EDUCATION, as individuals, namely
CRIS HOWARD, Board of Education President,
BETH MCWILLIAMS, Board of Education Vice President,
DARLINE LONG, Board of Education Secretary,
JANELLE PEREZ, Board of Education Treasurer,
CAROL MCDERMOTT, Board of Education Director,
SUZANN MCCRUMB, Board of Education Director,
DAWN KOSHIO GILLESPIE, Board of Education Director, and
WELD 8 SCHOOL DISTRICT,

    Defendants.

## ORDER GRANTING STAY OF DISCOVERY

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is the School District Defendants' Unopposed Motion to Stay Discovery Pending Resolution of Their Rule 12(b)(6) Motion to Dismiss [filed August 28, 2012; docket #28]. The motion is referred to this Court for disposition. (Docket #29.) Oral argument would not materially assist the Court in its adjudication of the motion. For the reasons that follow, the Court

**GRANTS** the motion to stay discovery as to the School District Defendants.

I.  **Background**

Plaintiffs bring this action pursuant to state law, 42 U.S.C. § 1983, and the Fourth and Fifth Amendments to the United States Constitution.  (Docket #15 at 6-10.)  All defendants responded to Plaintiff's Amended Complaint with motions to dismiss.  (Dockets ##16, 17.)  Defendants Payler, Hoag, Miller, Anderson, Gonzalez, Howard, McWilliams, Long, Perez, McDermott, McCrumb and Gillespie ("School District Defendants") assert an entitlement to qualified immunity (docket #16 at 3-4).  In the present motion, the School District Defendants request that discovery be stayed pending resolution of the immunity defense stated in their motion to dismiss.  The Plaintiffs do not object to the request.

II.  **Discussion**

The Supreme Court established that evaluating the defense of qualified immunity is a threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed."  *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992) (same).  However, the defense of qualified immunity "is not a bar to all discovery."  *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004).  There are certain circumstances when discovery is permissible despite an assertion of qualified immunity, including cases alleging official-capacity claims, requests for injunctive (as opposed to monetary) relief, and claims against entities, not individuals.  *See Rome*, 225 F.R.D. at 643.  Additionally, permitting discovery up until the point that qualified immunity is raised may be appropriate, particularly when the defense is not advanced until the filing of a motion for summary judgment.  *Id.* at 643-44.

Here, it is unclear whether Plaintiffs sue each of the School District Defendants in their individual capacities; the Amended Complaint lists these individuals "in their capacities as school

district employees and functionaries." Docket #15 at 1-2. However, Plaintiffs seek only money damages and do not include a request for injunctive relief in the Amended Complaint. (*See* docket #15 at 10.) The case is still in the early stages of litigation; the present motion was filed one day after the scheduling conference took place, and the School District Defendants responded to Plaintiffs' Amended Complaint with the pending motion to dismiss that could fully dispose of Plaintiffs' claims before engaging in the discovery process.

The Court has broad discretion to stay proceedings as incidental to its power to control its own docket. *See Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Legal questions regarding the court's subject matter jurisdiction should be resolved as early as possible in the litigation, before incurring the burdens of discovery. *See Behrens v. Pelletier,* 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question)*; Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)). The Plaintiffs do not oppose the School District Defendant's request for stay. Further, considering the early filing of the motion to dismiss premised on qualified immunity and that the suit is filed for money damages against Defendants presumably named in their individual capacities, the Court finds that the circumstances evaluated in *Rome* are distinguishable from the case at hand. In light of the governing case law as stated herein, the Court concludes that a temporary stay of discovery as to the School District Defendants is appropriate in this matter, pending resolution of their motion to dismiss.

**III.     Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that the School District Defendants' Unopposed Motion to Stay Discovery Pending Resolution of Their Rule 12(b)(6) Motion to Dismiss [filed August 28, 2012; docket #28] is **granted**.  Discovery as to the School District Defendants is temporarily stayed pending resolution of their motion to dismiss.  The parties shall file a status report within *three business days* of receiving a ruling on the motion to dismiss, indicating what scheduling, if any, is needed.

Entered and dated at Denver, Colorado, this 29th day of August, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge