**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

Civil Action No. 12-cv-01594-MSK-MEH

JASON GALLEGOS; and
JENNIFER YARBROUGH, for themselves and on behalf of Cyrus Gallegos, a minor,

      Plaintiffs,

v.

CITY OF FORT LUPTON;
FORT LUPTON POLICE DEPARTMENT;
KEVIN HALLORAN, Sergeant;
CRYSTAL SCHWARTZ, Detective;
PAUL STIPE, Officer;
MARK PAYLER, Superintendent of Schools;
JOHN HOAG, Assistant Superintendent of Schools;
NATIVITY MILLER, Butler Elementary School Principal;
STEPHANIE ANDERSON, Butler Elementary Assistant Principal;
MARK GONZALEZ, Expelled Student Services Coordinator;
THE ENTIRE WELD COUNTY RE-8 BOARD OF EDUCATION, as individuals, namely;
CRIS HOWARD, Board of Education President;
BETH MCWILLIAMS, Board of Education Vice President;
DARLINE LONG, Board of Education Secretary;
JANELLE PEREZ, Board of Education Treasurer;
CAROL MCDERMOTT, Board of Education Director;
SUZANN MCCRUMB, Board of Education Director;
DAWN KOSHIO GILLESPIE, Board of Education Director; and
WELD 8 SCHOOL DISTRICT,

      Defendants.

---

**ORDER DECLINING TO ADOPT THE RECOMMENDATION; DENYING
DEFENDANTS' MOTIONS TO DISMISS; AND ORDERING PLAINTIFFS
TO FILE AN AMENDED COMPLAINT**

---

      **THIS MATTER** comes before the Court on the Recommendation (**#36**) of the

Magistrate Judge that the School District Defendants'[1] and the Ft. Lupton Defendants'[2] Rule

---

[1] The School District Defendants include the Weld County School District RE-8, Mark Payler, John Hoag, Nativity Miller, Stephanie Anderson, Mark Gonzalez, and the entire Weld County RE-8 Board of Education, namely, Cris

12(b)(6) Motions to Dismiss **(#16, 17)** be granted in part and denied in part. The School District Defendants filed Objections **(#37)** to the Recommendation.

## I. Jurisdiction

This Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## II. Background and Procedural History

This case arises out of an incident involving ten-year-old Cyrus Gallegos. The Plaintiffs, Cyrus's parents Jennifer Yarbrough and Jason Gallegos, allege that while Cyrus was at school one morning, he overheard someone say they had a gun. He immediately told his teacher what he heard. Thereafter, school administrators questioned him extensively, and with suspicion, about what he heard and knew. The Ft. Lupton Police Department was called, and when officers arrived at the school, they also questioned Cyrus. The officers eventually took Cyrus to the police station and continued questioning him. After several hours, the Plaintiffs indicated that they did not want Cyrus questioned anymore, and he was released. After the incident, Cyrus and his parents were told that he was suspended from school until the school board could hold an expulsion hearing. At the hearing, it became clear that there had been a misunderstanding between Cyrus's teacher and the school administrators about what Cyrus reported. Cyrus was not charged with any crimes, and he was allowed to return to school the next day.

As a result of these events, the Plaintiffs initiated the instant action against multiple defendants. In their Second Amended Complaint **(#15)**, the Plaintiffs assert numerous claims for relief against the various defendants, alleging constitutional violations under 42 U.S.C. § 1983, as well as violations of Colorado statutes and common law. Unfortunately, as discussed more

---

Howard, Beth McWilliams, Darline Long, Janelle Perez, Carol McDermott, SuzAnn McCrumb, and Dawn Koshio Gillespie.
[2] The Ft. Lupton Defendants include the City of Ft. Lupton, Ft. Lupton Police Department, Sgt. Kevin Halloran, Detective Crystal Schwartz, and Officer Paul Stipe.

fully below, the Second Amended Complaint does not separately or specifically identify which Plaintiff asserts each claim and which Defendant each claim is against.  Nor does the Second Amended Complaint specifically identify the legal theories upon which relief is sought.

Counsel for the School District Defendants states that, in an attempt to clarify the Plaintiffs' claims, he has conferred with Plaintiffs' counsel many times, but to no avail.  As a result, the School District Defendants and the Ft. Lupton Defendants filed separate Motions to Dismiss **(#16, 17)** under Rule 12(b)(6), in which they attempt to "interpret" and parse the claims asserted.  The School District Defendants seek dismissal of what they understand to be fourteen claims against them.  Likewise, the Ft. Lupton Defendants seek dismissal of what they interpret as seven claims against them.

The Defendants' Motions were referred to the Magistrate Judge.  Faced with the same difficulty in understanding the Second Amended Complaint, the Recommendation is premised upon the mistaken belief that it was prepared by unrepresented parties.  Applying the standard applicable to *pro se* pleadings, the Magistrate Judge also attempted to parse and interpret the claims.  The Recommendation is that the Motions be granted in part and denied in part.

### III.  Standard of Review

When a magistrate judge issues a Recommendation on a dispositive motion, the parties may file specific, written objections within fourteen days after being served with a copy of the recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The district court shall make a *de novo* determination of those portions of the recommendation to which timely and specific objection is made.  *U.S. v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Here, the School District Defendants object to several portions of the Recommendation. Most notably, however, they argue that the Recommendation should be set aside because it applied the liberal interpretation standard applicable to pleadings filed by *pro se* plaintiffs. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

The Defendants are correct. Because the Plaintiffs are represented by counsel, the Second Amended Complaint cannot be interpreted as liberally as a pleading filed by a *pro se* party. The Court therefore reviews the Defendants' Motions to Dismiss *de novo*.

### IV. Analysis

Ordinarily, in reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view those allegations in the light most favorable to the nonmoving party. *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1149 (10th Cir. 2001) (quoting *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)). A claim is subject to dismissal if it fails to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To make that assessment, the Court must discard those averments in the complaint that are merely legal conclusions or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 1949-50. The Court takes the remaining well-pled factual contentions as true and ascertains whether those facts support a claim that is "plausible," or whether the claim being asserted is merely "conceivable" or "possible." *Id.* at 1950-51.

However, here we have a question of what claims are being asserted. As a threshold matter, Fed. R. Civ. P. 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief," for the purpose of giving the defendant fair notice of the claim and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 550

4

U.S. 544, 555 (2007). Rule 8(d)(1) further explains that "[e]ach allegation must be simple, concise, and direct." As to the form of the pleading, Fed. R. Civ. P. 10(b) specifies that a party must state its claims in numbered paragraphs, which must be "limited as far as practicable to a single set of circumstances," and, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count."

After reviewing the Second Amended Complaint, the Court finds that it cannot determine whether a plausible claim for relief has been pled because the Second Amended Complaint does not comply with Rule 8 and Rule 10.

The Second Amended Complaint purports to set out only four separate claims for relief: (1) "Violation of Civil Rights based on the U.S. Constitution, 42 U.S.C. § 1983, and state law;" (2) "False Arrest, Unlawful Detention, Restraint without Due Process of Law;" (3) "Emotional Distress;" and (4) "Injury to Reputation; Invasion of Privacy—unreasonable publicity and false light."

None of the enumerated claims state which Plaintiffs[3] assert each claim, nor do they specify the Defendant(s) against whom the claim is asserted. More troublesome is that each enumerated claim includes reference to multiple legal concepts and theories with general reference to the United States Constitution, Colorado statutory law, and/or Colorado common law. For example, paragraph 48 states that Cyrus was "detained, arrested, held, and questioned without any knowing waiver of his rights under the law, in violation of [] his fourth and fifth amendment due process rights and 42 U.S.C. § 1983 regarding a custodial interrogation under *Miranda v. Arizona* and under the Colorado juvenile statements statute, § 19-2-511 C.R.S." In addition, each claim incorporates all previously stated allegations, making each successive claim

---

[3] The action is brought by Cyrus's parents, individually, and on behalf of their son, but it is not clear which claims are being asserted in what capacity.

a compilation of all previously pled claims. As a result, it is unclear whose conduct is complained of, what specific rights were violated, and under what authority relief is sought.[4]

Finally, the Court notes that the Second Amended Complaint does not comply with Fed. R. Civ. P. 11(a) and D.C.Colo.LCivR 10.1. The signature block on the pleading does not contain the current mailing address, e-mail address, and telephone number of the attorney who filed it.

Under these circumstances, the Motions cannot be fairly determined. The Court will grant the Plaintiffs leave to amend their Second Amended Complaint. In addition to complying with all pertinent pleading requirements under Federal and Local Rules of Civil Procedure, the amended complaint shall *separately* state each individual claim. Each claim must clearly identify *which* Plaintiff (and in what capacity) asserts the claim, against *which* Defendant the claim is asserted, and upon *what* authority relief is requested. If the claim asserts violation of a constitutional right, the specific right shall be identified.

## V. Conclusion

For the forgoing reasons, the Court **DECLINES** to adopt the Recommendation **(#36)**, and **DENIES** the Defendants' Motions to Dismiss **(#16, 17) with leave to renew or adopt in response to an Amended Complaint filed in conformance with the terms of this Order**. It is further ORDERED that the Plaintiffs shall file an amended complaint in conformance with Rules 8, 10, 11, the Local Rules of this District, and this Order within 14 days of the date of this Order. Failure to do so will result in the Second Amended Complaint being stricken and the case

---

[4] In response to such vagueness and ambiguity, the Defendants could have moved for a more definite statement under Fed. R. Civ. P. 12(e). It states :

> [a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any appropriate order.

dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or to comply with a court order.

Dated this 13th day of December, 2012.

**BY THE COURT:**

_Marcia S. Krieger_

Marcia S. Krieger
United States District Judge